UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DONTE LAMAR SUTTON, SR.,

Plaintiff,

v.

ALLEN CO NURSING STAFF, ALLEN
COUNTY CORRECTIONAL OFFICERS,
MARION, and THOMAS,

Defendants.

CAUSE NO. 1:26-CV-359-JD-JEM

OPINION AND ORDER

Donte Lamar Sutton, Sr., a prisoner without a lawyer, filed a complaint alleging that he fell at the Allen County Jail and is not receiving adequate medical treatment. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Sutton alleges he fell on June 28, 2026, because of a wet floor at the Allen County Jail where he was held as a pretrial detainee. Under the Fourteenth Amendment, a pretrial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial

detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. at 539. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Pittman v. Madison Cnty., Illinois*, 108 F.4th 561, 570 (7th Cir. 2024). This complaint presents no facts from which it can be plausibly inferred that there was an intent to punish Sutton or that the wet floor was anything more than negligence. "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted).

Sutton also alleges he is being denied adequate medical treatment for his injuries. He alleges his knee swelled. Some unknown person told him nothing was wrong, but it is unclear when. When he said he was in pain, an unknown nurse took and x-ray and told him nothing was wrong. After the pain increased, someone determined he had torn something and he needed surgery, but it is unclear when or if he ever got surgery. He says he is still in pain.

Pretrial detainees are entitled to adequate medical care. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). To establish a violation of this right, a detainee must prove: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively

2

unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). It is not enough for the plaintiff to establish "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54. A "mere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (cleaned up). This complaint presents no facts from which it can be plausibly inferred that a medical provider acted unreasonably or with reckless disregard to Sutton's injury. To say the constitution "requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

> Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations. A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

*Id.* (quotation marks and citation omitted). This is why courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted).

3

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Sutton believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

4

library. He needs to write the word "Amended" on the first page above the title

"Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Donte Lamar Sutton, Sr. until **September 8, 2026**, to file an

amended complaint; and

(2) CAUTIONS Donte Lamar Sutton, Sr. if he does not respond by the deadline,

this case will be dismissed under 28 U.S.C. § 1915A without further notice because the

current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 5, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT